UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANCH BANKING AND TRUST
COMPANY,

      Plaintiff,

v.                                    Case No:   6:15-cv-2005-Orl-31TBS

CHALIFOUX BUSINESS PARK, L.L.C.,
THOMAS E. CHALIFOUX, JR. , HARRY
W. CHALIFOUX and CAROLYN A.
CHALIFOUX,

      Defendants.
_____

## <u>ORDER</u>

On April 22, 2016, judgment in the amount of $5,721,318.94 was entered for

Plaintiff and against Defendants Harry W. Chalifoux, Thomas E. Chalifoux, Jr., and

Chalifoux Business Park, L.L.C., jointly and severally (Doc. 36). No satisfaction of the

judgment has been docketed.

On May 10, 2016, Plaintiff served interrogatories and requests for production in-

aid-of-execution on Harry W. Chalifoux, and requests for production in-aid-of-execution

on Chalifoux Business Park, L.L.C. (Doc. 38 at 2). These Defendants have failed to

respond to Plaintiff's discovery (<u>Id.</u>). The case is now before the Court on Branch Banking

and Trust Company's Motion to Compel Responses to Discovery In Aid of Execution

(Doc. 38). Defendants Harry W. Chalifoux and Chalifoux Business Park, L.L.C. have not

responded to the motion and the time within to do so has expired.

When a party fails to respond, that is an indication that the motion is unopposed.

<u>Foster v. The Coca-Cola Company</u>, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at

*1 (M.D. Fla. June 2, 2015); <u>Jones v. Bank of America, N.A.</u>, 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing <u>Kramer v. Gwinnett Cnty., Ga.</u>, 306 F. sup.2d 1219, 1221 (N.D. Ga. 2004); <u>Daisy, Inc. v. Polio Operations, Inc.</u>, No. 2:14-cv-564-FtM-38CM, 2015 WL 234251, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); <u>Brown v. Platinum Wrench Auto Repair, Inc.</u>, No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). In this instance, the Court treats Plaintiff's motion as unopposed.

A party may propound interrogatories relating to any matter within the scope of discovery to any other party. FED. R. CIV. P. 33(a). The responding party must answer or object to each interrogatory within 30 days after being served with the interrogatories. FED. R. CIV. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). An objection not timely stated is waived "unless the court, for good cause, excuses the failure." <u>Id.</u>

Parties may also serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which the electronically stored information is to be produced." FED. R. CIV. P. 34(b)(1).

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."   CTA11 Rule 36-2.

The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

When a party fails to respond to interrogatories or requests for production the requesting party can move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). See also M.D. FLA. R. 3.01(g). Plaintiff has satisfied this prerequisite (Doc. 38 at 5).

Now, after due consideration, Plaintiff's motion is **GRANTED**. Defendants Harry W. Chalifoux and Chalifoux Business Park, L.L.C. shall respond fully to Plaintiff's discovery in-aid-of-execution within 14 days from the rendition of this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

       Counsel of Record
       Unrepresented Parties